UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LEONARD HINES,                                          *DKT#:*

                    Plaintiff,                     **COMPLAINT**

    - against -                                  **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
P.O. GERMAN GERONIMO (Shield # 11218), and          **ECF CASE**
SGT. ANDRYUK (Shield # 3712),
Individually and in their official capacities,

                    Defendants.
------------------------------------------------------------------------x

       Plaintiff, LEONARD HINES, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, LEONARD HINES, is An African-American male, a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. GERMAN GERONIMO (Shield # 11218), and SGT. ANDRYUK (Shield # 3712), were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

13. On or about April 21, 2012, at approximately 4:55 p.m., a brick was thrown from a window of 2 Saint Nicholas Terrace in the County, City and State of New York.

14. The brick nearly struck SGT. ANDRYUK (Shield # 3712), who was standing in front of the neighboring building located at 4 Saint Nicholas Terrace in the County, City and State of New York.

15. The Plaintiff did not throw the brick from the window at 2 Saint Nicholas Terrace in the County, City and State of New York, and was not involved in that incident.

16. However, within a short time after the brick was thrown, the Plaintiff exited the building located at 4 Saint Nicholas Terrace.

17. Upon exiting the building P.O. GERMAN GERONIMO (Shield # 11218), and SGT. ANDRYUK (Shield # 3712), grabbed the Plaintiff and began punching, kicking, and physically assaulting him.

18. The Plaintiff was arrested and taken into custody.  The Plaintiff was brought to the 26th Police Precinct.

19. While at the 26th Police Precinct, the Plaintiff was required to have his fingerprints taken.

20. The Plaintiff objected to have his fingerprints taken and asked to first speak with his mother.

21. Subsequent to the Plaintiff objecting to have his fingerprints taken, P.O. GERMAN GERONIMO (Shield # 11218), or SGT. ANDRYUK (Shield # 3712), had verbally indicated that

the video cameras located in the Police Precinct should be turned off. After indicating that the cameras should be turned off, P.O. GERMAN GERONIMO (Shield # 11218), or SGT. ANDRYUK (Shield # 3712), again grabbed the Plaintiff and began punching, kicking, and physically assaulting him.

22. The Plaintiff was brought to the hospital by the Defendant police officers.

31. The Plaintiff was charged with Resisting Arrest, Obstruction of Governmental Administration in the Second Degree, and Disorderly Conduct.

32. The Plaintiff was incarcerated for approximately 15 days.

33. The Plaintiff did not commit any crime.

34. The charges brought against the Plaintiff were dismissed on November 26, 2012.

35. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, pain, suffering, physical injury, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and suffered a deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

38. All of the aforementioned acts deprived plaintiff LEONARD HINES of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America

and in violation of 42 U.S.C. § 1983

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

41. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. That the level of force employed by defendants against Plaintiff, was objectively unreasonable and in violation of Plaintiff's, constitutional rights.

44. As a result of the foregoing, the plaintiff suffered, inter alia, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. As a result of defendants' aforementioned conduct, plaintiff LEONARD HINES was subjected to an illegal, improper and unlawful seizure of their person without any probable cause, privilege, or consent.

47. That the seizure of the plaintiff was objectively unreasonable and in violation of the plaintiff's constitutional rights.

48. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, pain, suffering, physical injury, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and suffered a deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. As a result of defendants' aforementioned conduct, plaintiff LEONARD HINES and was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

51. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of LEONARD HINES's constitutional rights.

52. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, <u>inter alia</u>, pain, suffering, physical injury, loss of earnings, loss of enjoyment of life, loss of

liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and suffered a deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants were directly and actively involved in the initiation of criminal proceedings against LEONARD HINES.

55. Defendants lacked probable cause to initiate criminal proceedings against LEONARD HINES

56. Defendants acted with malice in initiating criminal proceedings against LEONARD HINES

57. Defendants were directly and actively involved in the continuation of criminal proceedings against LEONARD HINES.

58. Defendants lacked probable cause to continue criminal proceedings against LEONARD HINES.

59. Defendants acted with malice in continuing criminal proceedings against LEONARD HINES.

60. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in LEONARD HINES's favor when all criminal charges against him were dismissed.

61. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, pain, suffering, physical injury, loss of earnings, loss of enjoyment of life, loss of liberty, emotional

distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and suffered a deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants issued legal process to detain the plaintiff and subject him to an unlawful seizure of his person, to an illegal and unlawful arrest, and to unlawfully subject his property to a search and seizure.

64. Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

65. Defendants acted with intent to do harm to LEONARD HINES without excuse or justification.

66. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, pain, suffering, physical injury, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and suffered a deprivation of his constitutional rights

## SEVENTH CLAIM FOR RELIEF
## CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1985

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Each of the Defendants including conspired to violate Plaintiff's civil rights by

agreeing among themselves to engage in the conduct set forth above for which the defendants are individually liable.

69. All of the aforementioned Defendants conspired by agreeing among themselves to engage in the conduct set forth above, in violation of 42 U.S.C. § 1985, for which the defendants are individually liable.

### EIGHTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendants including THE CITY OF NEW YORK, P.O. GERMAN GERONIMO (Shield # 11218), and SGT. ANDRYUK (Shield # 3712) subjected the Plaintiff to violations of his civil rights, including excessive force, false arrest, malicious prosecution.

72. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

73. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of The New York City Police Department.

74. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the The New York City Police Department, include but are not limited to the following unconstitutional practices:

    (a) Failing to properly train;

    (b) Failing to supervise police officers;

    (c) Subjecting persons to violations of their constitutionally protected rights;

    (d) Subjecting persons to the excessive use of force;

    (e) Subjecting persons to malicious prosecution.

75. The existence of the aforesaid unconstitutional customs and policies may be inferred from the many civil rights lawsuits alleging wrongful conduct brought against the CITY OF NEW YORK each year.

76. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiffs.

77. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

78. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which the CITY OF NEW YORK is liable.

## DAMAGES AND RELIEF REQUESTED

79. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. All of the foregoing acts by defendants deprived LEONARD HINES of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

      C. To be free from unwarranted and malicious criminal prosecution;

      D. To receive equal protection under the law.

81. By reason of the aforesaid conduct by defendants, plaintiff LEONARD HINES is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff LEONARD HINES demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
       December 30, 2012

By: _____
KIRA TREYVUS (KT2325)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832